NEW ORLEANS<br>AND CARROLL-<br>TON RAILROAD<br>COMPANY<br>*v.*<br>CHANEY.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## BARBARIN *v.* BARBARIN.

Advances made by an under tutor for the use of minors, not authorized by a decree of court rendered on the advice of a family meeting, will give him no claim against the minors beyond their revenues.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Grivot* and *R. N.*, and *A. N. Ogden*, for the appellant. *Pitot*, for the defendant. The judgment of the court was pronounced by

ROST, J. We have examined this case with great care, without having been able to agree with the jury before whom it was tried in any of the conclusions to which they came. The plaintiff sued for advances made to the defendant in her own right and on account of her minor children, the greater part of which have been acknowledged by her to be due, and on which she has agreed in writing to pay interest at the rate of eight per cent per annum. She resists the claim on the following grounds: 1st. That she signed the acknowledgment of indebtedness and promised to pay interest, in error of her legal rights. 2d. That the plaintiff, being under tutor of her minor children, insisted upon taking charge as her agent, and did take charge as such, of the succession of her husband, which she was administering; and that by his misconduct and mismanagement he has caused the minors $5,000 damages, which she claims in reconvention in their behalf. The jury allowed the plaintiff only a part of his claim against the defendant herself; and gave judgment in reconvention against him, in favor of the minors, for $1,990 33. From this judgment the plaintiff has appealed.

BARBARIN
v.
BARBARIN.

"For the purposes of this inquiry, we must hold the plaintiff to stand in the situation of under tutor of the minors. He was originally appointed in that capacity, and the subsequent appointment of his brother *William*, which he caused to be made in 1835, was not carried into effect. *William Barbarin* never qualified as under tutor, and has testified that he acted as his brother's agent during a temporary absence, and that he always considered his said brother as the under tutor. The plaintiff himself took the receipts and acknowledgements, which were given to him by the defendant in 1841, in the capacity of under tutor.

To establish her allegations that the plaintiff had taken into his own hands the exclusive management of the succession of the deceased, the defendant propounded to him certain interrogatories, to which he gave negative answers, admitting only that she requested him to collect some claims due to the succession, and to pay the debts due by it, which he alleges he did, and rendered to her a full, explicit and detailed account, which she examined and approved. There is nothing in the record to falsify these answers. On the contrary, the fact proved, that plans and estimates of buildings, which the defendant wished to erect on vacant lots of the succession, were submitted to her alone by the builders, and that the plaintiff was not consulted in the matter, corroborates them, and shows that she was administering personally the real estate. The plaintiff acted as her agent, as stated in his answers. He appears to have liquidated the succession with reasonable diligence; he has accounted to her for all the sums collected by him, with interest at the rate of ten per cent per annum, during the time she authorized him to use them in his own affairs; and he has besides advanced to her the sums which he now claims.

Now it is alleged that, being under tutor, he could not become the agent of the tutrix, and that, by accepting the agency, he subjected himself to all the responsibilities of a tutor. Dalloz, vol. 4, nos. 309, 310, 311. We have already seen that the plaintiff did not administer the real estate, and he cannot therefore be held liable for the maladministration of it. Admitting the rules laid down by Dalloz to be well founded in law, and applicable to the plaintiff so far as he has administered, the defendant herself can derive no benefit from them. After requiring the plaintiff to pay over to her the whole amount in his hands, and obtaining from him large advances besides, her allegation that the funds she has received should have been withheld from her and employed by her agent in improving the community property, cannot be considered as serious, so far as she is concerned. If the plaintiff has suffered her to dilapidate the property of the minors, the relation in which he stood towards them will ultimately render him liable to them for the losses they may have sustained; but the defendant stands between him and danger. The rights of the minors must first be ascertained contradictorily with her. If the property remaining in her hands is sufficient to satisfy their claims, they have sustained no injury; if it is not, the deficiency will be the limit of the damages which may be done by the under tutor.

The advances made by the under tutor not having been authorized by a decree of court rendered on the advice of a family meeting, he has no claim for them against the minors, beyond the revenues; and he cannot be permitted to enforce his claim against their defendant personally, until that of the minors is ascertained and paid. The execution of the judgment to which he is entitled must, therefore, be stayed, till the claim of the minors is liquidated and paid in due course of law.

It is therefore ordered that the judgment in this case be reversed; it <span style="float:right">BARBARIN</span>
it is further ordered that there be judgment in favor of the plaintiff against the <span style="float:right">*v.*</span>
defendant *Marceline Brouct* personally, for the sum of $2,609 77, with interest <span style="float:right">BARBARIN.</span>
at the rate of eight per cent per annum on $1,802 31, part thereof, from the
13th of April, 1841, till paid, and the like interest on the balance from the 20th
day of September, 1841, till paid. It is further ordered that the execution
under this judgment be stayed until the claim of the minor children of *Joseph
Barbarin* against the defendant, their tutrix, be liquidated in due course of law
and satisfied by the said defendant, or, in case of deficiency, by the plaintiff.
It is further ordered that there be judgment against the minors, on their claim
in reconvention, as in case of non-suit; and that one half of the costs in both
courts be paid by the defendant, and the other half by the minors.